IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

HI TECHNOLOGY CORP, et al.,

   Plaintiffs,

     v.

RODERICK J. KERSCH, et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:21-CV-3468-TWT

**OPINION AND ORDER**

This is a trade secrets case. It is before the Court on the Defendant NationsBenefits, LLC's Motion to Dismiss [Doc. 28] and the Plaintiffs' Motion to Dismiss the Defendant Kersch's Counterclaim [Doc. 30]. For the reasons set forth below, the Defendant NationsBenefits, LLC's Motion to Dismiss [Doc. 28] is GRANTED, and the Plaintiffs' Motion to Dismiss the Defendant Kersch's Counterclaim [Doc. 30] is DENIED as moot.

### I.   Background

The Plaintiffs, Interactive Communications International, Inc. and its parent company HI Technology Corporation (collectively, "HI Technology"), previously employed the Defendant Roderick Kersch as a sales executive. (Compl. ¶¶ 4–7, 21–22.) Kersch was a party to a Business Protection Agreement, which the Plaintiffs allege contained a non-competition provision and certain covenants regarding confidential information. (*Id.* ¶¶ 26–32.)

Kersch's employment with the Plaintiffs ended on July 7, 2021. (*Id.* ¶ 46.) Subsequently, the Plaintiffs allege that they discovered Kersch had been sharing confidential information with the Defendant NationsBenefits, LLC ("NationsBenefits") in order to secure a new position at NationsBenefits. (*Id.* ¶¶ 50–61.) As a result of this alleged wrongdoing, the Plaintiffs brought this action against Kersch and NationsBenefits. As relevant here, the Plaintiffs only brought one claim—tortious interference with a contractual relationship—against NationsBenefits. (*Id.*, Count V.) In response, Kersch also asserted a counterclaim against the Plaintiffs. (Def. Kersch's Answer & Counterclaim.)

## II.   Legal Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. *See Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994–95 (11th Cir. 1983); *see also Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d

247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. *See Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 975 (11th Cir. 1985), *cert. denied*, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555).

### III.   Discussion

#### A. NationsBenefits' Motion to Dismiss

NationsBenefits seeks the dismissal of the Plaintiffs' tortious interference claim for two reasons. First, NationsBenefits argues that the Plaintiffs failed to plead essential elements of the claim. (Def. NationsBenefits' Mot. to Dismiss, at 12–18.) Second, NationsBenefits claims that the Plaintiffs' Complaint runs afoul of the Eleventh Circuit's prohibition on shotgun pleadings. Because the Plaintiffs have failed to properly plead the requisite improper action or wrongful conduct, Count V is dismissed without prejudice.

In Georgia, claims for tortious interference with contractual relations require:

> (1) improper action or wrongful conduct by the defendant without privilege, (2) the defendant acted purposely and with malice with the intent to injure, (3) the defendant induced a breach of contractual obligations . . . , and (4) the defendant's tortious conduct proximately caused damage to the plaintiff.

*Boeing Co. v. Blane Int'l Grp.*, 276 Ga. App. 672, 675 (2005). To satisfy the first

3

element, Georgia courts have defined "improper action or wrongful conduct" as "constituting conduct wrongful in itself; thus, improper conduct means wrongful action that generally involves predatory tactics such as physical violence, fraud or misrepresentation, defamation, use of confidential information, abusive civil suits, and unwarranted criminal prosecutions." *Kirkland v. Tamplin*, 285 Ga. App. 241, 244 (2007) (quotation marks and brackets omitted). Merely pleading that a defendant persuaded someone to breach a contract is insufficient. *Id.* NationsBenefits argues that none of the allegations in the Complaint satisfy this standard. (Def.'s Mot. to Dismiss, at 12–14.) In response, the Plaintiffs identify specific allegations in their Complaint that allegedly suffice at this stage in the proceedings. (Pls.' Br. in Opp'n to Def.'s Mot. to Dismiss, at 8–12.)

The Court finds that the Plaintiffs' allegations of wrongful or improper conduct do not suffice here. The Plaintiffs first allege that "NationsBenefits utilized Kersch to assist with NationsBenefits' efforts to establish itself as a direct competitor to Plaintiffs while Kersch was employed by Plaintiff HI Technology." (*Id.* at 10.) For example, the Plaintiffs allege that Kersch and NationsBenefits executives communicated regarding certain vendors to support its "competitive planning." (Compl. ¶¶ 70–75.) Even construing these allegations in the Plaintiffs' favor, none of the actions taken by the NationsBenefits executives reach the level of fraud or misrepresentation, and the Plaintiffs do not identify any confidential information used by those

individuals. The Plaintiffs allege that the NationsBenefits executives "repeatedly permitted Kersch to send Plaintiff's confidential information" to them. (Pls.' Br. in Opp'n to Def.'s Mot. to Dismiss, at 10.) But these allegations do not allege any use of that information or other improper actions undertaken by the executives; instead, these allegations merely describe actions taken by Kersch and the executives' failure to preemptively prevent such emails from being sent. (*See* Compl. ¶¶ 76–79.) The Plaintiffs also fault NationsBenefits for "participat[ing] in multiple competitive requests for proposals against Plaintiffs" that were "facilitated by Kersch's assistance to NationsBenefits while he was still employed by Plaintiff HI Technology." (Pls.' Br. in Opp'n to Def.'s Mot. to Dismiss, at 11.) While use of confidential information could constitute improper action, the Plaintiffs merely allege that NationsBenefits engaged in ordinary business behavior that was facilitated by an employee in violation of his contract. (Compl. ¶¶ 93–94.) Ultimately, the Plaintiffs' allegations either concern actions taken solely by Kersch or actions by NationsBenefits that imply mere collaboration with an individual in breach of his contractual obligations. These allegations are insufficient under Georgia law.

Because the Plaintiffs fail to allege the use of confidential information, fraud, or misrepresentation on the part of NationsBenefits and its employees, the Plaintiffs fail to state a claim for tortious interference with a contractual relationship. The Court need not reach NationsBenefits' arguments that the

Plaintiffs failed to sufficiently plead inducement or that the Complaint runs afoul of shotgun pleading rules. And because this dismissal results from a factual obstacle rather than a legal one, Count V is dismissed without prejudice.

### B. The Plaintiffs' Motion to Dismiss Kersch's Counterclaim

The Plaintiffs filed their motion on November 8, 2021. Two weeks later, the Defendant Kersch filed an Amended Answer and Counterclaim [Doc. 36] against the Plaintiffs. Though the Plaintiffs argue that the same alleged deficiencies persist, Kersch's amended counterclaim supersedes the original and renders the Plaintiffs' motion moot. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007).

### IV. Conclusion

For the reasons set forth above, the Defendant NationsBenefits, LLC's Motion to Dismiss [Doc. 28] is GRANTED, and the Plaintiffs' Motion to Dismiss the Defendant Kersch's Counterclaim [Doc. 30] is DENIED as moot. Count V of the Plaintiffs' Complaint is dismissed without prejudice.

SO ORDERED, this 27th day of May, 2022.

/s/ Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge